UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P447-H
CRIMINAL ACTION NO. 3:98CR-91-H

LAWRENCE EDWARD CRAYTON, JR.                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                    RESPONDENT/PLAINTIFF

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]  The movant argues that his expired state-court convictions that were used to enhance his current federal sentence are invalid "because (a) he was never informed by the state trial courts of his right to appeal the state convictions or (b) his right to appointment of counsel at no cost to himself if indigent, and (c) state defense counsel[] failed to appeal, although requested by [the movant] as a matter of right" (DN 8, Mem.).  He thus seeks relief under § 2255 alleging as "exceptional circumstances, violation[s] of [his] Sixth Amendment guarantee and due process and equal protection clauses of the Fourteenth Amendment, and Gideon v. Wainwright" (DN 8, Mem.).

In *Daniels v. United States*, 532 U.S. 374 (2001), the U.S. Supreme Court held that "'[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255.'"  *Lackawanna County*

---

[1]The movant originally sought habeas relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California.  The Central District of California concluded, however, that the § 2241 petition was actually a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transferred the action to this Court, where the movant's sentence was entered.

*Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (quoting *Daniels*, 532 U.S. at 382).   The

Supreme Court "recognized an exception, [however,] allowing petitions under §§ 2254 and 2255

'that challenge an enhanced sentence on the basis that the prior conviction used to enhance the

sentence was obtained where there was a failure to appoint counsel in violation of the Sixth

Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 . . . (1963)." *Steverson v.*

*Summers*, 258 F.3d 520, 524 (6th Cir. 2001) (quoting *Coss*, 532 U.S. at 404 and citing to

*Daniels*, 532 U.S. at 382).  Moreover, "'there may be rare cases in which no channel of review

was actually available to a defendant with respect to a prior conviction, due to no fault of his

own.'"  *Steverson*, 258 F.3d at 524 (quoting *Daniels*, 532 U.S. at 383).  In such instances, a

§ 2255 action may be had.

     Because the movant alleges that he is challenging his enhanced federal sentence based on

expired state-court convictions obtained in violation of his right to counsel under *Gideon*, the

Court concludes that his petition for writ of habeas corpus was properly construed as a § 2255

motion to vacate, set aside or correct sentence.  Having made that determination, however, the

Court cannot consider the merits of the movant's arguments as a review of the Court's records

reveals that the instant § 2255 motion is the second such motion filed by the movant.  *See* DN

199 in Criminal Action No. 3:98CR-91-H; DN 1 in Civil Action No. 3:05CV-P371-H.

     Title 28 of the United States Code, Section 2255 provides, in pertinent part, as follows:

A second or successive motion must be certified as provided in section 2244[2] by a
panel of the appropriate court of appeals to contain–

    (1) newly discovered evidence that, if proven and viewed in light
of the evidence as a whole, would be sufficient to establish by

---

[2]"Before a second or successive application permitted by this section is filed in the district court, the
applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the
application."  28 U.S.C. § 2244(b)(3)(A).

clear and convincing evidence that no reasonable factfinder would
have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8; *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (explaining that

"inmates who wish to file a second or successive motion to vacate sentence should first file a

motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255").

The movant has failed to obtain panel certification prior to filing the instant motion in the

district court.  Therefore, **IT IS ORDERED** that the motion to vacate, set aside, or correct

sentence filed pursuant to 28 U.S.C. § 2255 (collectively as DNs 5, 8 & 9) is **TRANSFERRED**

to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[3]

**IT IS FURTHER ORDERED** that the pending motion for appointment of counsel (DN

10) is **DENIED as moot**.

Date:

cc:     Movant, *pro se*
        United States Attorney
        Clerk, Sixth Circuit
4412.005

---

[3]*See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3)
permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion
is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the
document to this court pursuant to 28 U.S.C. § 1631.").